IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,  :

    Plaintiff,

  v.  :

                          Case No. 2:92-cr-0074(2)

Ronald L. Minor,

                    :  JUDGE GEORGE C. SMITH

    Defendant.

## REPORT AND RECOMMENDATION

The defendant, Ronald L. Minor, has been charged with violations of his supervised release. The issue of whether he committed the charged violations and whether his supervised release should be revoked has been referred to me by order of the Honorable George C. Smith (#31). The Court held a hearing on March 23, 2012 at which the parties' stipulated that defendant had committed certain Grade C violations, as outlined in numerous reports received from his probation officer. The issue then became one of the appropriate sanction for these violations.

The probation office first recommended revocation of supervised release in April, 2010. Prior to that, the Court had modified the conditions of release to include a 120-day stay at a halfway house. Defendant appealed that modification, and also did not successfully complete his stay due to multiple rules violations and positive drug tests. At that time, he was also being prosecuted in the Franklin County courts for receiving stolen property. Based on his recent poor adjustment, the Probation Officer recommended that he serve an eight-month prison term, followed by additional supervised release. The guideline range for his violations was six to twelve months.

The Probation Officer submitted a supplemental report approximately one year later. At that time, defendant's case was

still on appeal, and no hearing had been held on the previously-reported violations. The supplemental report stated that he had missed several appointments with the Probation Officer, had moved without notifying Probation, missed a number of drug counseling appointments, and tested positive for controlled substances. Again, revocation and an eight-month term of incarceration was recommended, but because defendant had been convicted of the state court charge and was under supervision by the Franklin County Probation Office, no additional term of supervised release was recommended.

Defendant's appeal was resolved in December, 2011. In March, 2012, another supplemental report was prepared by Probation. It indicates that defendant had one more positive drug screen (in October of 2011) and that, most recently, his state court supervision was revoked and he was sentenced to a six-month jail term. The violations of his state court supervision were essentially the same type of violations which led the Probation Office to seek revocation of his federal supervised release.

At the hearing, counsel for the United States and for the defendant, and the defendant himself, addressed the Court. The recommendations made by each were not dramatically different; the Assistant United States Attorney argued for an eight-month sentence, to run concurrently with the state sentence defendant is now serving, whereas defendant and his counsel argued for six months. In mitigation, they pointed out that defendant now acknowledges that he does have a substance abuse problem, which he had previously denied, that he was making progress toward a college degree, and that his girlfriend is expecting defendant's first child.

The guideline range of six to twelve months is not disputed, nor, apparently, is the fact that defendant's supervised release

should be revoked and that some amount of jail time is appropriate.  Nevertheless, the Court will, especially in light of the issues raised by the prior appeal, consider all of the factors set forth in 18 U.S.C. §3553(a) in determining what sentence to recommend.

The nature and circumstances of the offense and the history and characteristics of the defendant are adequately addressed in the guideline range.  There is no real dispute about the kinds of sentences available; here, everyone agrees that some concurrent jail time is the right sentence, and they differ only on how long it should be.  Given the relatively short term of additional imprisonment the defendant is facing, treatment while incarcerated is not a relevant factor.  There is some issue about protecting the public, in light of the fact that defendant did incur a new criminal charge while on supervised release, and there is a need to impose a jail term of reasonable length to reflect the seriousness of what is a pattern of being unamenable to supervision and to promote respect for the law, including following directives of both supervised release and the Probation Office.  It appears that either sentence being urged on the Court would take these factors adequately into account and would not be any longer than necessary to serve these various goals.  Thus, it really comes down to a matter of discretion, to be exercised in light of the entirety of the record.

It is certainly possible that the defendant, by having had his state supervision revoked just at the time that he learned he would be a father, has come to a turning point in his life.  No matter how this case turns out, he does have the potential to be a positive influence in his child's life if he can support that child through steady employment and refrain from substance abuse. It can only be hoped that he will do so.  Still, the sentence in this case has to reflect not just the defendant's hope that his

life will be better in the future, but the reality that his adjustment to supervision has been far from ideal.  To give him a sentence at the very bottom of the guideline range would not properly take into account the multiple problems he had while on supervision, nor would it send the right message to other supervised releasees.

At the same time, the Court did find somewhat persuasive the argument that defendant spent a great deal of time in prison under a prior sentencing regime that punished crack cocaine offenders particularly harshly.  There is no way for that matter to be rectified today, and the Court hastens to add that the sentence given to him was what the law required at the time, and that it does not in any way excuse his failure to be compliant with the terms of his supervised release.  Nevertheless, it is a factor that can be given some modest weight.  That factor, coupled with the apparent sincerity of the defendant to make a fresh start, persuade the Court to recommend a small measure of leniency.  The Court therefore recommends that he be sentenced to seven months of incarceration, to run concurrently with the balance of his state sentence, and that no additional period of supervised release be imposed.  The Court hopes that defendant will take advantage of the assistance available to him through his state supervision once his jail term is completed.

                                       ***/s/ Terence P. Kemp***
                                       UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. Section 636(b)(1)(B).